## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

DELVIN CALIX GARCIA,⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀CASE NO.  4:11cv693
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀PETITIONER,⠀⠀⠀)⠀⠀⠀⠀⠀JUDGE SARA LIOI
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀MEMORANDUM OF OPINION
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀AND ORDER
BUREAU OF PRISON, et al.,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀RESPONDENTS.⠀⠀)

Before the Court is *pro se* petitioner Delvin Calix Garcia's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Garcia, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.), seeks credit against his federal sentence for time he spent in the custody of immigration officials.

### Background

Mr. Garcia was arrested by the Illinois State Police on May 19, 2009. Initially, he was held at McHenry County Jail on behalf of the Bureau of Immigration Enforcement (BICE) agency to determine his deportability status.[1] Ten days after his arrest, Mr. Garcia was indicted in the District Court for the Northern District of Illinois. *See United States v. Garcia*, No. 09cr0474 (N.D. Il filed May 29, 2009). He was charged with Re-entry of a Previously Deported Alien Without Express Written Consent of the Attorney General, in violation of 8 U.S.C. §

---

[1] Plaintiff states he was later transported to the ICE Detention Center in Kenosha. He adds that the BOP granted him one day of credit, presumably for the day he spent at McHenry.

1326(a) and 6 U.S.C. § 202(4). On the same date of his indictment, the U.S. Marshals transported Petitioner to the district court to await disposition of his criminal complaint. The court sentenced him to 30 months imprisonment on January 15, 2010.

On June 16, 2010, Mr. Garcia began the administrative process of seeking 9 days credit on his federal sentence from the May 19, 2009 date of his arrest until May 28, 2009, the date before he was indicted in federal court. In response, the Corrections Corporation of America (CCA) explained that he was not entitled to credit and his projected release date of August 1, 2011 was correct.[2] Both the CCA Records Specialist and Records Manager stated that Petitioner was in "civil custody" from May 19, 2009 until May 28, 2009. They quoted BOP Policy Statement (PS) 5880.28, which states that: "Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (ICE) under the provisions of 8 U.S.C. 1252 pending a final determination of deportability." (CCA Resp. of 7/16/10.) Because sentence credit under 18 U.S.C. § 3582 requires a defendant receive credit for time spent "in official detention," and petitioner's request was for time in ICE custody, he did not meet the criteria for credit.

Petitioner then fully exhausted his administrative remedies before filing his Petition in this Court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (prisoner can seek judicial review pursuant to 28 U.S.C. § 2241 only after exhausting his administrative remedies). At each stage, his claim was denied based on a determination that Mr. Garcia was not in official detention during the period for which he requested credit.

---

[2]N.E.O.C.C. is operated by CCA, a private corrections company.

2

28 U.S.C. § 2241

A petition for habeas corpus under § 2241 is a proper vehicle for raising the challenge to the length of sentence calculation. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). To entertain a habeas corpus petition under § 2241, a district court must have jurisdiction over the custodian of the petitioner. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of habeas corpus does not act upon the prisoner who seeks relief, but upon his or her custodian). In a habeas challenge, the prisoner's custodian is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 524 U.S. 426 (2004); *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) (petitioner should name as a respondent to his habeas corpus petition "the individual having day-to-day control over the facility in which [the alien] is being detained") (citation omitted).

Petitioner is currently incarcerated in N.E.O.C.C.  His custodian, therefore, is the Warden at N.E.O.C.C.  Because the prison is located within the Northern District Court of Ohio, this Court has personal jurisdiction over Petitioner's custodian and venue is proper. *See* 28 U.S.C. § 115(a)(1).

Sentence Credit

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

*Wilson*, 503 U.S. at 335; *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("Power to

grant credit for time served lies solely with Attorney General and the Bureau of Prisons.")

The relevant sentencing credit statute provides:

(b) Credit for prior custody.-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). The BOP's policies regarding sentence computation are set forth in Program Statement § 5880.28, *Sentence Computation Manual* ("PS 5880.28").  BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." *Reno v. Koray*, 515 U.S. 50, 61 (1995). Program Statements are not published in any federal regulation and, as such, are not subject to public notice and comment before adoption. Therefore, the policies contained therein are not entitled to the deference described in *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842 (1984). However, the policies are still entitled to "some deference" from this court. *Koray*, 515 U.S. at 61.

Mr. Garcia claims he is entitled to 9 days' custody credit under 18 U.S.C. § 3585(b) for time he spent in I.C.E. detention between May 19, 2009 and May 28, 2009. He argues that because I.C.E. detained him to determine his deportability, he was "in custody in connection with [sic] actual offense" and, thus entitled to credit for that time. (Pet. at 4.) Mr. Garcia asserts the basis for his arrest was a result of the illegal reentry charge for which his sentence was imposed.

4

A person under immigration detention awaiting a deportation determination is not "in official detention" as required by 18 U.S.C. § 3585(b). *See Reno*, 515 U.S. at 61, n. 4. A deportation proceeding is a purely civil action to determine eligibility to remain in the United States, not to punish unlawful entry, even though entering or remaining unlawfully in this country is itself a crime. *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1037 (1984). This strongly supports BOP P.S. § 5880.28, which states that time spent in immigration detention is not "official detention" as required by 18 U.S.C. § 3585(b) because a deportation proceeding is a civil, not a criminal action.

By statute, I.C.E. employees or officers are authorized

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States

8 U.S.C. § 1357(a)(2).  That authority extends, by written agreement

> with a State, or any political subdivision of a State, pursuant to which an officer or employee of the State or subdivision, who is determined by the Attorney General to be qualified to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States (including the transportation of such aliens across State lines to detention centers) . . .

8 U.S.C. § 1357(g). Thus, when Mr. Garcia was arrested by the Illinois police, it was strictly to determine his right to remain in this country, not to hold him for criminal charges. As the *Lopez-Mendoza* court explained, even during a deportation hearing, "[t]he judge's sole power is to order deportation; the judge cannot adjudicate guilt or punish the respondent for any crime related to unlawful entry into or presence in this country." *Lopez-Mendoza*, 468 U.S. at 1038.

Therefore, Mr. Garcia was not in custody "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b)(2). His federal sentence cannot, therefore, be credited for the time he was in I.C.E. custody and his claim lacks merit.

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[3] The court certifies that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.


Dated: August 21, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3]The statute provides, in relevant part:

* * *

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

6